IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO.: **10041191**

BERMUDA ISLES AT BOCA
RIO HOA, INC. and CYPRESS
LAKES AT BOCA RIO HOME
OWNERS ASSOCIATION, INC.,

Plaintiffs,

vs.

WESTCHESTER SURPLUS LINES
INSURANCE CORPORATION,

Defendant.
_____/

A TRUE COPY
OCT 05 2010
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL



## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, BERMUDA ISLES AT BOCA RIO HOME OWNERS ASSOCIATION, INC., and CYPRESS LAKES AT BOCA RIO HOME OWNERS ASSOCIATION, INC. (collectively referred to hereafter as "Bermuda Isles"), sue Defendant, Westchester Surplus Lines Insurance Company ("Westchester"), and allege the following:

### NATURE OF THE ACTION

1. Bermuda Isles brings this action for breach of contract due to Westchester's failure to pay insurance benefits for damages to property covered by Bermuda Isles' insurance policy that exceed fifteen thousand and 00/100 dollars ($15,000.00), exclusive of pre-judgment interest, court costs and attorney's fees.



EXHIBIT A

## PARTIES

2. At all relevant times hereto, Plaintiff Bermuda Isles at Boca Rio Homeowners Association, Inc. operated a homeowners association located at or near 8207 Severn Drive, Boca Raton Florida 33433. This Plaintiff was incorporated on or about November 24, 1986 as a Florida not-for-profit corporation formed for the purposes, among other things, of owning, operating, maintaining, preserving, replacing and insuring the real property of the Association. Its Declaration of Restrictions, Covenants, Easements and Conditions was filed on or about December 11, 1986.

3. At all times relevant hereto, Cypress Lakes at Boca Rio Home Owners Association, Inc. operated a homeowners association located at or near 8207 Severn Drive, Boca Raton Florida 33433. This Plaintiff was incorporated on or about June 10, 1986 as a Florida not-for-profit corporation formed for the purposes, among other things, of owning, operating, maintaining, preserving, replacing and insuring the real property of the Association. Its Declaration of Restrictions, Covenants, Easements and Conditions was filed on or about June 19, 1986.

4. At all times material hereto and upon information and belief, Westchester was and is a surplus lines insurance company engaged in the business of providing property and casualty insurance coverage in the State of Florida. Westchester agrees to accept service through Saverio Rocca, Assistant General Counsel, ACE USA Companies, Two Liberty Place – TL35M, 1601 Chestnut Street, Philadelphia, PA 19103.

## JURISDICTION & VENUE

5. This Court has subject matter and personal jurisdiction over the parties to this cause of action. Bermuda Isles brings this complaint solely under state law and not under any federal statute, law, rule or regulation, and specifically not under the United States Constitution, nor any of its amendments.

6. A cause of action exists under Florida state law for claims regarding the conduct complained of herein.

7. Venue is proper pursuant to F.S.A. §47.051 because it is the venue in which the cause of action accrued and where the insured property in question is located.

## BREACH OF CONTRACT

8. Westchester issued a commercial lines insurance Policy to Bermuda Isles' fiduciary developer, with Policy Number D35956992002 ("the Policy"), to cover loss and damage to the real property of the Association (the "Property"). Upon information and belief, Bermuda Isles is an additional insured under the Policy. (A certified copy of the Policy is in Westchester's exclusive possession and control. Bermuda Isles has demanded a Certified Copy of the Policy and will attach it to the Complaint when Westchester produces it).

9. The Policy was issued in the name of BH Management Services and the Named Insureds Schedule filed with Westchester and held for the benefit of Bermuda Isles.

10. Bermuda Isles has succeeded to all rights to and interest in the 2005 Policy by operation of law and is deemed the insured for all purposes at the

time of loss alleged herein.

11. BH Management Services turned over control of the Board to the members of Bermuda Isles on or about January 1, 2006.

12. Pursuant to F.S.A. § 720.301 *et seq.*, Bermuda Isles has owned the equitable title to the Policy at all times material to this action, based upon the fiduciary obligations and trust relationship of BH Management Services, Inc., as developer of the Associations.

13. The Policy was in full force and effect from June 30, 2005 to June 30, 2006.

14. The Policy provided Bermuda Isles with insurance coverage for direct physical loss to the Property, including damage caused by wind.

15. Under the Policy, Westchester agreed to pay for direct physical loss and damage to the Property as a result of loss and damage caused by wind.

16. On or about October 24, 2005, while the Policy was in full force and effect, the Property was directly, physically damaged due to windstorm.

17. Bermuda Isles promptly and properly made a claim to Westchester for benefits; namely, the cost to repair and restore or replace the damages, and fulfilled all other duties required of it under the Policy after discovery of the loss.

18. Westchester investigated the loss, determined that coverage existed, completed its claim investigation, and found $186,574.06 in covered damages, but did not make a payment because it determined that the covered damages did not exceed the deductible.

19. Bermuda Isles paid all premiums due and performed all conditions precedent required under the Policy, or alternatively, has been excused from performance by the acts, representations and/or conduct of Westchester.

20. Pursuant to the Policy, Westchester has a contractual obligation to pay the full amount of Bermuda Isles' damages, including the costs to repair and to replace the damage to the Property.

21. Westchester breached the Policy by failing to pay Bermuda Isles all benefits due and owing under the Policy.

22. As a direct and proximate result of Westchester's breach of the Policy, Bermuda Isles has:

    a. suffered and will continue to suffer significant property damage to the Property;

    b. incurred and will incur in the future costs to repair, restore and/or replace the damage to the Property;

    c. suffered and will continue to suffer consequential damages;

    d. is entitled to an award of pre-judgment interest, attorneys' fees, taxable costs, and investigatory fees; and

    e. incurred other expenses as a result of Westchester's breach of contract.

WHEREFORE, the Plaintiffs, Bermuda Isles at Boca Rio Home Owners Association, Inc. and Cypress Lakes at Boca Rio Home Owners Association, Inc., pray this Court enter judgment against Westchester Surplus Lines Insurance Company, for damages, costs, interest, attorneys' fees pursuant to F.S.A. § 627.428, and other damages and costs the Court deems appropriate. Plaintiff demands a trial by jury on all issues so triable.

Date: September 29, 2010

Respectfully Submitted,

*Christopher N. Mammel*

Christopher N. Mammel, Esq.
F.B.N. 54041
Childress Duffy, Ltd.
12000 Biscayne Blvd., Ste. 415
Miami, FL 33181
and
500 N. Dearborn Street, Suite 1200
Chicago, IL 60654
Ph: 312-494-0200
Fax: 312-494-0202
Counsel for Plaintiff

# C D G

## Childress Duffy Goldblatt

October 21, 2010

**Via Federal Express - 794036637604**
Department of Financial Services
Service of Process
200 East Gaines Street
Tallahassee, Florida 32314-6200

Re:  Bermuda Isles v Westchester Surplus Lines Insurance Corporation
     Case No.: 10 041191
     File No.: 3293-15

Dear Sir/Madam:

Enclosed please find an original summons and two copies along with two copies of the Complaint and our firm's check for $15.00 to cover the cost of service of process on Service Insurance Company.

Also enclosed is a self-addressed envelope for your convenience in returning to me a copy of the proof of service.

Thank you for your professional courtesy and prompt attention to this matter.

Very truly yours,

*Bursakowska*
Isabelle Bursakowska
Paralegal

/ib

Enclosures

CHICAGO | MIAMI | TAMPA